UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

P5,

                                                 Plaintiff,

                                                                                                 Case # 22-CV-6576-FPG

v.

                                                                                                 ORDER TO SHOW CAUSE

Hilton Central School District & Kirk Ashton,

                                              Defendants.
_____

      This action was commenced in December 2022, when Plaintiff P5 filed a complaint seeking relief under New York Civil Rights Law § 50-b against Hilton Central School District ("Hilton") and Kirk Ashton. ECF No. 1. Plaintiff's claims against Hilton have been dismissed pursuant to a stipulation of dismissal filed on May 30, 2024; however, Plaintiff's claims against Kirk Ashton remain pending in this Court. ECF Nos. 38, 39. Plaintiff has taken no action in this case since filing the stipulation of dismissal on May 30, 2024.[1]

      Local Rule of Civil Procedure 41(b) provides that if a civil case has been pending for more than six months and a party is not in compliance with the directions of the district court, or if no action has been taken by the parties in six months, the Court may order the party to show cause why the case should not be dismissed for failure to prosecute. Loc. R. Civ. P. 41(b); *see also* Fed. R. Civ. P. 41(b); *Yulle v. Barkley*, No. 05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) ("Th[e] power to dismiss [under Fed. R. Civ. P. 41(b)] may be exercised when necessary to achieve orderly and expeditious disposition of cases.").

---

[1] While Plaintiff was initially represented by counsel, the Court has learned that Plaintiff's attorney has passed away. Therefore, Plaintiff's attorney has been terminated in this action, and the Court has mailed a copy of this order to Plaintiff now proceeding, *pro se.*

Because Plaintiff has taken no action in this case for more than a year, Plaintiff is ordered to show cause, in writing, why his remaining claims against Kirk Ashton should not be dismissed for failure to prosecute. Therefore, by **March 10, 2026,** Plaintiff must file a written response explaining (a) why no action has been taken in this case for more than a year and (b) whether, in light of his failure to communicate with the Court for more than a year, he wishes to continue pursuing his remaining claims. Plaintiff may mail his response to the United States District Court, 100 State Street, Rochester, NY 14614.

If Plaintiff fails to file his written response by March 10, 2026, the Court may treat his noncompliance as a failure to prosecute and may dismiss this action with prejudice pursuant to Rule 41(b). *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) ("The district court [] has the power under Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.").

IT IS SO ORDERED.

DATED:   Rochester, New York
         February 5, 2026

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York