UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

P5,

                                    Plaintiff,

                                                              Case # 22-CV-6576-FPG

v.
                                                              DECISION AND ORDER

Hilton Central School District & Kirk Ashton,

                                    Defendants.

## INTRODUCTION

On February 5, 2026, the Court issued an Order to Show Cause, which directed Plaintiff to show cause in writing why this case should not be dismissed for failure to prosecute by March 10, 2026. ECF No. 40. To date, Plaintiff has not responded to that Order. For the reasons below, Plaintiff's action is dismissed for failure to prosecute.

## BACKGROUND

This action was commenced in December 2022, when Plaintiff P5 filed a complaint seeking relief under New York Civil Rights Law § 50-b against Hilton Central School District ("Hilton") and Kirk Ashton. ECF No. 1. Plaintiff's claims against Hilton have been dismissed pursuant to a stipulation of dismissal filed on May 30, 2024; however, Plaintiff's claims against Kirk Ashton remain pending in this Court. ECF Nos. 38, 39.

Consequently, on February 5, 2026, the Court ordered Plaintiff to show cause, in writing, why this case should not be dismissed for failure to prosecute. ECF No. 40. The Court warned Plaintiff that if he failed to file a written response to the Court's Order by March 10, 2026, the "the Court may treat his noncompliance as a failure to prosecute and may dismiss this action with prejudice pursuant to Rule 41(b)." *Id.* at 2. To date, the Court has received no response from

Plaintiff. Plaintiff's last contact with the Court was the filing of the stipulation of dismissal as to Hilton on May 30, 2024. ECF No. 39.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action when a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. *Lucas v. Miles*, 84 F.3d 532, 534–35 (2d Cir. 1996). The district court's discretion to dismiss a case under Rule 41(b) for failure to prosecute is not limitless, and the record must be reviewed as a whole. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209–10 (2d Cir. 2001).

Although not specifically defined in Rule 41(b), the Second Circuit Court of Appeals has stated that a failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Also, in tandem, this Court's Local Rule of Civil Procedure 41(b), states that a judge may issue an order dismissing a civil case if it is pending for more than six months and noncompliant with the judge's directions, or if no action has been taken by the parties for more than six months. Loc. R. Civ. P. 41(b).

When considering a Rule 41(b) dismissal, the Court analyzes the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535. No single factor is dispositive, and the Court must consider the record as a whole. *Vail v. City of New York*, No. 18-CV-9169, 2021 WL 2018838, at *1 (S.D.N.Y. May 20, 2021).

2

Where a plaintiff is proceeding *pro se*, his or her claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane*, 239 F.3d at 209. However, *pro se* litigants have an obligation to comply with a court's orders. *Hibbert v. Apfel*, No. 99 Civ. 4246, 2000 WL 977683, at *3 (S.D.N.Y. Jul. 17, 2000).

## I.     Failure to Prosecute

After considering the above factors, the Court concludes that dismissal is appropriate under Rule 41(b) because each of the relevant factors favors dismissal.

### a.   Delay

As discussed, Plaintiff has not taken any action in this case for more than a year. *See* ECF No. 39. Courts may dismiss an action for failure to prosecute when the delays are either repeated or of a long duration. *Graham v. Sullivan*, No. 86 Civ. 0163, 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5, 1999). In accordance with other courts in this Circuit, Plaintiff's duration of inactivity falls within a sufficient time frame to warrant dismissal. *Jones v. City of Rochester*, No. 20-CV-545, 2022 WL 1668508, at *3 (W.D.N.Y. May 25, 2022) (finding inactivity of sixteen months weighed in favor of dismissal).

### b.   Notice

The Court has warned Plaintiff that his claims could be dismissed if Plaintiff failed to comply with Court orders. *See* ECF No. 40. On February 5, 2026, the Court gave Plaintiff a specific warning that his claims may be dismissed for failure to prosecute if he did not respond to the Order to Show Cause. ECF No. 61. Therefore, Plaintiff had sufficient notice. *See Lucas*, 84 F.3d at 535.

### c.   Prejudice

In this case, the remaining Defendant would be prejudiced by being forced to attempt to disprove the claims of a Plaintiff who has been nonresponsive and is unlikely to participate in

further litigation. *See Simmonds v. City of New York*, No. 21-CV-06495, 2023 WL 6879615, at *2 (E.D.N.Y. Oct. 18, 2023).

### d. Docket Balance

"It is not the function of this Court to chase . . . plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at *3. As such, the Court has an interest in removing this case from its docket, instead of keeping it open for the benefit of a Plaintiff who has shown no interest in participating in the case for more than a year. *See Simmonds*, 2023 WL 6879615, at *2.

### e. Sanctions

Monetary sanctions are usually not appropriate for a *pro se* plaintiff. *Henderson v. Levy*, No. 15-CV-802, 2019 WL 1410867, at *4 (W.D.N.Y. Mar. 1, 2019). In this case, Plaintiff is preceding *pro se*, and therefore, the Court finds that monetary sanctions would not be appropriate. In addition, based on the analysis above, the Court declines to provide a sanction less drastic than dismissal at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's remaining claims are DISMISSED WITH PREJUDICE for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATED:    Rochester, New York
          April 6, 2026

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

4